Corey B. Beck (5870)
LAW OFFICE OF COREY B. BECK P.C.
425 South Sixth Street
Las Vegas, NV 89101
Phone: (702) 678-1999
Fax: (702) 678-6788
becklegal@yahoo.com
*Proposed Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ACTON ACADEMY RED ROCK LLC,<br><br>Debtor. | Case No.: 26-13991-mkn<br><br>**APPLICATION TO EMPLOY THE LAW OFFICE OF COREY B. BECK P.C.**<br><br>**Hearing Date:** September 16, 2026<br><br>**Hearing Time:** 9:30am |

Acton Academy Red Rock LLC ("Debtor"), hereby applies to the Court for an Order approving Debtor's Application to employ the Law Office of Corey B. Beck P.C., ("Applicant") as attorney as general bankruptcy counsel for Debtor effective as of the date of the Petition. This Application is brought pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 2 of the guidelines of the U.S. Department of Justice of the United States Trustee – District of Nevada (the "Guidelines").

**Background**

1. On June 26, 2026 (date), Debtor filed a voluntary petition commencing its Chapter 11 case in the United States Bankruptcy Court for the District of Nevada.

2. Debtor continues to operate its business and manage its property as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and no official committees have been appointed in this Chapter 11 case.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is appropriate in this District pursuant to 28 U.S.C. § 1408, in that Acton Academy Red Rock LLC is a Nevada limited liability company with its principal place of business in Clark County, Nevada.

5. Pursuant to Local Rule 9014.2, Debtor consents to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

Debtor seeks court approval pursuant to Section 327(a) to employ and retain the Law Office of Corey B. Beck P.C. as its attorney in connection with this Chapter 11 case, effective as of the petition date. Debtor requests that the Court approve the retention and compensation of the Law Office of Corey B. Beck P.C. to perform the legal services that will be necessary during this Chapter 11 case in accordance with the Law Office of Corey B. Beck P.C.'s normal hourly rates and normal reimbursement policies.

**RETENTION**

Debtor entered into an engagement agreement ("Engagement Agreement") with the Law Office of Corey B. Beck P.C. on or about June 25, 2026. A copy of the Engagement Agreement

is attached as **Exhibit 1**. The Engagement Agreement allows for a retainer, and that the hourly rates may be adjusted from time to time.

/ / /

## I. GUIDELINES SECTION 2.1 – COMPLIANCE

Pursuant to Guidelines Section 2.1 and Bankruptcy Rule 2014, a copy of this Application for approval of employment of professional persons under 11 U.S.C. § 327 and Bankruptcy Rule 2014, the Verified Statement accompanying this Application and the form of the order (a copy of which is attached hereto as **Exhibit 2**) sought herein is being served on the United States Trustee contemporaneously with the filing of this Application with the Bankruptcy Court. A copy of the proposed Order is attached as **Exhibit 3**.

### A. PROFESSIONAL PERSONS TO BE EMPLOYED – STATEMENT RE: DISINTERESTED PERSONS

The Debtor wishes to employ the Law Office of Corey B. Beck P.C. as counsel for the Debtor to represent and assist the Debtor in carrying out its duties under the Bankruptcy Code in the above-captioned proceeding. Bankruptcy Rule 2014(a). The legal work in this case will be performed primarily by Corey B. Beck, who is admitted to practice in this Court. Corey B. Beck has been engaged in Chapter 11 bankruptcy cases for 30 years in the District of Nevada and is well qualified to represent the Debtor in these matters.

To the best knowledge of Applicant, said professional persons do not hold or represent an interest adverse to the above-captioned bankruptcy estate, and are disinterested persons. 11 U.S.C. § 327(a). To the best of Applicant's knowledge, no employee of the Law Office of Corey B. Beck P.C. is related to a United States Bankruptcy Judge or any employee of the Office of the United States Trustee.

## B. STATEMENT OF NECESSITY FOR EMPLOYMENT OF PROFESSIONAL PERSONS

It is necessary for employment of professional persons for whom employment is sought by this Application inasmuch as the Debtor requires professional assistance in the areas identified hereinafter, where service is to be rendered in this case. Bankruptcy Rule 2014(a); Guidelines Section 2.1.1.

## C. STATEMENT OF SCOPE OF PROFESSIONAL SERVICE TO BE RENDERED

The scope of services to be rendered by said professional is as follows:

- To institute, prosecute or defend any lawsuits, adversary proceedings and/or contested matters arising out of this bankruptcy proceeding in which the Debtor may be a party;
- To assist in the recovery and obtaining necessary Court approval for recovery and liquidation of estate assets, and to assist in protecting and preserving the same where necessary;
- To assist in determining the priorities and status of claims and filing objections thereto where necessary;
- To assist in preparation of a plan of reorganization and any associated documents;
- To file any adversary proceedings or contested matters deemed advisable; and
- To advise the Debtor and perform all other legal services for the Debtor which may become necessary in this bankruptcy proceeding. Bankruptcy Rule 2014(a); Guidelines Section 2.1.1.

## D. STATEMENT OF REASONS FOR SELECTING PROFESSIONAL

The Debtor has selected the Law Office of Corey B. Beck P.C. for the reason that said professional person has had considerable experience in matters of this character and the scope of

professional services to be rendered, and for the reason that the Debtor believes that the Law Office of Corey B. Beck P.C. is well qualified to represent the Debtor as counsel in this proceeding, and that the employment of said attorney would be in the best interest of the estate. Corey B. Beck has been involved in business bankruptcy cases for 30 years in the District of Nevada. Bankruptcy Rule 2014(a).

**E. STATEMENT RE: TERMS OF EMPLOYMENT AND PROPOSED ARRANGEMENT FOR COMPENSATION**

(i) **Disclosure of Amount and Source of Retainer or Advance Received**

(ii) (11 U.S.C. § 329(a), Bankruptcy Rules 2016(a) and 2016(b), Guidelines 2.2.1): Counsel received a retainer of $12,762.00, plus $1,738.00 for the filing fee, for a total amount received of $14,500.00. Of that amount, $14,500.00 was paid pre-petition the following amounts: (1) $12,762.00 for attorney's fees incurred for the preparation of the petition and schedules, drafts of the employment application and related documents, and other matters performed up to the time of filing; and (2) $1,738.00, which is the amount of the filing fee ($1,738.00). The balance of the retainer (totaling $14,500.00) received remains in trust and will be applied toward future billings. The retainer was paid by Acton Academy Red Rock LLC "Debtor".

(iii) **Terms and Conditions of Employment Agreement:** 11 U.S.C. § 328(a) authorizes the Debtor, with Court approval, to employ said professional persons "on any reasonable terms and conditions of employment, including on retainer, an hourly basis, on a fixed or percentage fee basis, or a contingent fee basis." Applicant wishes to retain said professional under a general retainer, at the hourly rates charged by said professional, due to the unknown length and extent of service to be performed in this case. 11 U.S.C. § 328(a); Bankruptcy Rule 2014(a).

## F. CURRENT HOURLY RATES CHARGED BY PROFESSIONALS AND OTHER CHARGES (Guidelines Section 2.1.2)

The hourly rates to be charged by the professional expected to render services pursuant to this Application are as follows:

- Not exceeding $500.00 per hour for attorneys; and

Other charges that may be considered in an application for compensation include, but are not limited to:

- Messenger service;
- Postage and delivery;
- Process service and investigator charges;
- Copy charges;
- Computer research and word processing charges;
- Travel expenses;
- Miscellaneous expenses necessarily incurred in connection with the scope of services to be performed. Guidelines Section 2.1.2.

## G. STATEMENT RE: PAYMENTS MADE AND SHARING COMPENSATION

To the best knowledge of the Debtor, no payments have heretofore been made or promised to said professional for services rendered or to be rendered in any capacity whatsoever in connection with this case, except as set forth herein, and no agreement or understanding exists between said professional and any other entity for the sharing of compensation to be received for services rendered in connection with this case. Bankruptcy Rule 2016(a); Guidelines Section 2.1.

/ / /

/ / /

**H. STATEMENT RE: PREPETITION SERVICES (Guideline Section 2.1.3)**

Said professional was not retained for pre-petition services other than bankruptcy-related services and negotiating with creditors in an attempt to work out the Debtor's obligations pre-petition. Guidelines Section 2.1.3.

I. PROFESSIONAL DISCLOSURE (Guidelines Section 2.1.4)

This Application is accompanied by a Declaration/Verified Statement showing that the professional complies with the requirements of 11 U.S.C. §§ 327, 329 or 1103(b) and Bankruptcy Rules 2014, 2016 and 5002, and setting forth the professional's connections with the Debtor, creditors and any other party in interest and their respective attorneys and accountants. To the best of the Debtor's knowledge, said professional has no connections with the Debtor, creditors or any other party in interest, their respective attorneys and accountants, which connection may constitute a conflict of interest or adverse position with respect to the scope of the services to be rendered by said professional in the above-captioned bankruptcy case. Furthermore, to the best of Applicant's knowledge, the professional is not related to a bankruptcy judge or any employee of the Office of the United States Trustee. Bankruptcy Rule 2014(1); Guidelines Section 2.1.4.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, the Debtor respectfully requests that this Application be granted and approved, and that the Debtor be authorized to employ and appoint the Law Office of Corey B. Beck P.C. as Counsel for the Debtor in the above-captioned bankruptcy case.

Dated: August 10, 2026.

Amy Novak, Managing Member
Acton Academy Red Rock LLC

Submitted by:

LAW OFFICE OF COREY B. BECK P.C.

Corey B. Beck (5870)
425 South Sixth Street
Las Vegas, NV 89101
Phone: (702) 678-1999
Fax: (702) 678-6788
becklegal@yahoo.com
*Proposed Counsel for Debtor*

# EXHIBIT 1

# ATTORNEY – CLIENT FEE AGREEMENT

This Attorney – Client Fee Contract "Contract" is made by and between Corey B. Beck, Esq. "Attorney" Acton Academy Red Rock LLC., "Client". In consideration of the mutual promises herein contained and for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

**1. SCOPE**

Attorney agrees to represent the Client in Chapter 11 proceedings which include preparing statements, meeting with Client and appearing in any Chapter 11 court proceedings. In particular, Chapter 11 will be filed. Attorney will seek to confirm plan. Plan must be approved by the Judge, Court ultimately rules on any Objection to Confirmation on case.

**2. ATTORNEY'S DUTIES**

Attorney shall provide those legal services reasonably required to represent Client and shall take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. "Attorney" will also represent "Client" in litigated matters as long as "Attorney" finds that there is a "good faith" basis under facts and existing law for either filing/defending a claim.

**3. CLIENT'S DUTIES**

Client shall be truthful with Attorney, cooperate with Attorney, keep Attorney informed of developments, abide by this Contract, pay Attorney's bills on time and keep Attorney advised of Client's address, telephone number and whereabouts.

**4. LEGAL FEES**

Client has agreed to pay Attorney a retainer of $14,500.00 for Attorney to represent Client in Chapter 11 Bankruptcy. Filing Fee of $1,738.00 will be paid from Retainer. Payment is hereby acknowledged on June ___, 2026. All fees incurred will be billed at an hourly rate of $500.00/ per hr.If retainer is all earned, additional fees will be requested and approved by Fee Application.

**5. COSTS AND EXPENSES**

In addition to the above fee(s), Client agrees to reimburse Attorney for costs and expenses incurred in connection with said legal representation, including but not limited to, fees fixed by law or assessed by public agencies, long distance telephone calls, messenger or delivery fees, postage expenses, in-office photocopying, investigation expenses, expenses of materials or books particularly related to Client's legal representation, expenses associated with hiring of experts if necessary, such as accountants or other professionals. Client authorizes Attorney to incur all reasonable costs and to hire any investigators, attorneys or consultants reasonably necessary in Attorney's judgment.

**6. DISCHARGE AND WITHDRAWAL**

Client is free to consult with another attorney at any time. Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

**7. CONCLUSION OF SERVICES**

When Attorney's services conclude, all unpaid charges shall become immediately due and payable. After Attorney's services conclude, all unpaid charges shall become immediately due and payable. After Attorney's services conclude, Attorney will upon Client's request, deliver Client's file to Client along with any Client's funds or property in Attorney's possession. Client agrees to pay for the cost of copying and transferring Client's files upon termination of Attorney's services.

**8. DISCLAIMER OF GUARANTEE**

Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinions only. Client understands that Secured Creditors can file Motion for Relief from Automatic Stay and/ or Objection to Confirmation if Creditors are not immediately paid. Undersigned Counsel will engage Secured Creditors and negotiate with Creditors. The bottom line is that client understands that time is of essence to get yard "up and running" so that overhead cost Are lowered and so that Secured Creditors can be paid i.e Ultimate goal is to seek confirmation of plan.

**9. EFFECTIVE DATE**

This Contract will take effect when Client and Attorney has signed contract.

**10. ENTIRE AGREEMENT**

This Contract constitutes the entire agreement between Client and Attorney, and no promises or representations, express or implied, either written or oral, not set forth herein, shall be binding upon or inure to the benefit of either party. This Contract shall not be modified by oral agreement, either express or implied, and all modifications hereto shall be in writing and signed by both parties.

Amy Novak ______________________ 6/25/26 ______________________

AMY NOVAK
ACTON ACADEMY,
RED ROCK LLC

DATE

[signature] ______________________ 6/25/2026 ______________________

COREY B. BECK, ESQ.

DATE