Elizabeth A. Skane, Esq. (Bar No.7181)
eskane@skanemills.com
Elizabeth C. Spaur, Esq. (Bar No. 10446)
espaur@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535 / Fax (702) 363-2534

Attorneys for Defendants, PRECEDENT PROPERTIES LLC, and THE MOUNTAIN CHURCH

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

IN RE:

ACTON ACADEMY RED ROCK LLC

Debtor(s)

**CASE NO.: BK-26-13991-mkn**

**CHAPTER 11**

**AFFIDAVIT OF SAMUEL GOULET IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

**AFFIDAVIT OF SAMUEL GOULET IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

Samuel Goulet, being first duly sworn, deposes and states as follows:

1. I am over the age of eighteen (18) years, of sound mind, and in all respects competent to testify to the matters set forth in this Affidavit. I make this Affidavit based upon my own personal knowledge and upon my review of the books and records of the Landlord (defined below) maintained in the ordinary course of business, which records are under my care, custody, and control. If called as a witness, I could and would competently testify to the facts stated herein.

2. I am the Pastor of The Mountain Church and serve as the duly authorized representative of The Mountain Church, the owner and one of the lessors of the commercial real property described below. In that capacity, I am familiar with the Lease described below and with the Landlord's records reflecting the rent and other charges billed to, and the payments received from, the Debtor.

**The Lease**

3. The Landlord is the owner and lessor of the commercial premises located at 9501 Hillwood Drive, Suite 300, Las Vegas, Nevada 89134, consisting of approximately 7,667 rentable square feet (the "Premises").

4. On or about September 11, 2025, the Landlord and Acton Academy Red Rock, LLC (the "Debtor" or "Tenant") entered into a written commercial lease agreement for the Premises (the "Lease"). The Lease commenced, and rent began to accrue, on September 11, 2025, for a five-year term expiring September 30, 2030.

5. Under the Lease, the Tenant is obligated to pay monthly rent consisting of base rent of $16,100.70 plus common-area maintenance (CAM) charges of $4,193.77, for total monthly rent of $20,294.47, due on the first (1st) day of each month, without demand, counterclaim, or setoff.

6. The Lease further limits the Tenant's use of the Premises to the permitted use, prohibits any subletting or assignment of the Premises without the Landlord's prior written consent, and affords the Landlord remedies upon the Tenant's default, including termination of the Lease and recovery of possession of the Premises.

7. A true and correct copy of the Lease is maintained in the Landlord's records and is available to be provided to the Court upon request.

**Pre-Petition Non-Payment**

8. Throughout the tenancy, the Debtor failed to pay its monthly rent in full when due, and instead made only sporadic and partial payments on irregular dates.

9. As reflected in the Landlord's account statement dated June 3, 2026, the Debtor had been billed a total of $217,461.25, comprising rent and CAM charges for September 2025 through June 2026 of $195,500.39, late fees of $11,960.86, and an unpaid security deposit of $10,000.00. Against those charges, the Debtor had paid only $90,988.00, leaving an unpaid balance of $126,473.25. A true and correct copy of the Landlord's account statement and ledger dated June 3, 2026 is attached hereto as Exhibit A and incorporated herein by reference.

10. At no time during the tenancy did the Debtor pay the full monthly rent of $20,294.47 when due.

**Post-Petition Non-Payment**

11. On June 26, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

12. The rent installment due July 1, 2026 was the first rent obligation to come due after the petition date. Payments of $4,800.00 (applied to July) and $1,200.00 (applied to August) were received from an authorized third-party occupant and credited to the Debtor's account to offset the amounts owed. The Debtor made no payment of its own on the July or August installments when due.

13. On August 7, 2026, the Debtor tendered a partial payment of $15,000.00, which the Landlord applied to the July 2026 installment under an express reservation of rights. After

application of the $4,800.00 credit and the $15,000.00 payment, $494.47 remains unpaid on the July 2026 installment.

14. The August 2026 installment, net of the $1,200.00 credit, is $19,094.47. On August 12, 2026, after the close of business, the Debtor tendered a second partial payment of $17,200.00, which the Landlord applied to the August 2026 installment under an express reservation of rights. After application of that payment, $1,894.47 remains unpaid on the August 2026 installment. Together with the $494.47 remaining unpaid on the July 2026 installment, the total unpaid post-petition rent is $2,388.94, exclusive of late charges accruing under the Lease at ten percent (10%) of each unpaid installment. A true and correct copy of the Landlord's account statement dated August 10, 2026, which reflects the account before application of the Debtor's August 12, 2026 partial payment, is attached hereto as Exhibit C and incorporated herein by reference.

15. The Landlord, through its counsel, demanded payment of the post-petition rent in writing on July 22, 2026 and again on August 2, 2026, following assurances of payment made by the Debtor during a telephone call on July 30, 2026 that were not honored; by letters dated August 5, 2026 and August 10, 2026, the Landlord reiterated its demand, rejected the Debtor's asserted setoffs, and reserved all of its rights; and, upon the Debtor's partial payment of $17,200.00 received August 12, 2026, the Landlord again reserved all of its rights in writing.

16. The Debtor has not cured its post-petition rent default and has not provided the Landlord with any adequate protection for its continued use of the Premises.

///

///

///

17. The Landlord depends upon the rental income from the Premises to meet its obligations with respect to the Premises, including property taxes, insurance, maintenance, debt service, and operating expenses. The Debtor's continued failure to pay rent deprives the Landlord of that income without compensation or protection.

FURTHER AFFIANT SAYETH NAUGHT.

[signature]

SAMUEL GOULET

SUBSCRIBED and SWORN to (or affirmed) before me this 13th day of August, 2026, by Samuel Goulet, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

[signature]

NOTARY PUBLIC

My commission expires: 1.23.27

MARY HUGHES
Notary Public, State of Nevada
Appointment No. 23-0752-01
My Appt. Expires Jan 23, 2027