Corey B. Beck (5870)
LAW OFFICE OF COREY B. BECK P.C.
425 South Sixth Street
Las Vegas, NV 89101
Phone: (702) 678-1999
Fax: (702) 678-6788
becklegal@yahoo.com
*Proposed Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ACTON ACADEMY RED ROCK LLC,<br><br>Debtor. | Case No.: 26-13991-mkn<br><br>**SUPPLEMENT TO APPLICATION TO EMPLOY THE LAW OFFICE OF COREY B. BECK P.C.**<br><br>**Hearing Date:** September 16, 2026<br><br>**Hearing Time:** 9:30am |

The Debtor, ACTON ACADEMY RED ROCK LLC, by and through their counsel, COREY B. BECK, ESQ., of THE LAW OFFICE OF COREY B. BECK, P.C. respectfully represents and submits this Supplement to Application to Employ the Law Office of Corey B. Beck, P.C. as follows:

Two Third-Parties paid portion of Undersigned Counsel's Retainer. Therefore, Counsel for U.S. Trustee requested that I cite relevant authority in regard to payment of Retainer by Third-Parties.

In particular, Amy Novak who is 85% managing member of Debtor paid $4,000.00 of Retainer- See Exhibit 1, Declaration of Amy Novak. In addition, John Novak, spouse of Amy Novak paid $3,000.00 of Retainer- See Exhibit 2, Declaration of John Novak. There is a lot of authority that supports Third-Party payments, do not trigger impermissible conflict of interest. *In*

*Re Metro. Envtl Inc.* . 293 B.R. 871 (Bankr. N.D. Ohio 2003) (declining to adopt a per se rule that by accepting a fee guaranty from an insider, a corporate debtor's attorney creates a conflict of interest that precludes his or her employment); *In re Mo. Mining Inc*., 186 B.R. 946 (W.D. Mo. 1955) ("[T]he payment of [a] retainer by an insider, without more, does not create an actual conflict of interest sufficient to disqualify debtor's counsel.") *In Re Lotus Props*. LP, 200 B.R. 388 (Bankr. C.D. Cal. 1996) (holding that a Chapter 11 debtor-in-possession could employ a law firm as general bankruptcy counsel even though counsel's fees and costs would be directly contributed by debtor's sole general partner); *In Re Palumbo Family L.P*., 182 B.R. 447, 466 (Bankr E.D. Va. 1995) (holding that law firm's representation of debtor's general partner in Separate Chapter 11 case, and its acceptance of a retainer from the general partner, did not preclude firm from representing partnership and being compensated for the representation; rejecting a per se rule and following a fact-intensive inquiry into the specific situation); *In Re Kelton,* 109 B.R. 641 (Bankr. D. Vt. 1989); Nev. R. Pro. Conduct 1.8(f) (allowing for a lawyer to be compensated from someone other than the client if: (1) the client gives informed consent; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and (3) information relating to representation of a client is protected as required by Rule 1.6).

The foregoing is consistent with applicable Ninth Circuit caselaw, which holds that §327(a) of the Bankruptcy Code only imposes a *per se* rule requiring disqualification of any attorney who has an <u>actual</u> conflict of interest, whereas a <u>potential</u> conflict of interest such as the third-party source of a retainer in the case at hand should not disqualify an attorney based merely on the appearance of a potential conflict alone. *In Re Dye v. Brown* (*In Re AFI Holding, Inc*), 503 F. 3d 832, 851 (9th Cir. 2008) (quoting *In RE Marvel Entm't Grp. Inc*., 140F. 3d 463, 476 (3d Cir.

1998)); see also *In Re 2202 E. Anderson St., LLC*, No 2:23-bk-11695-NB, 2024 WL 1340655, at *9 (Bankr. C.D. Cal. Mar. 28, 2024) ("But this Court has almost always approved professionals' employment even with a Funder after sufficient evidence is presented. This Court does so because it recognizes that a debtor may have few or no alternative sources of funding other than insiders and other persons whom suspicions might fall. In addition, having a Funder might be the only way for a debtor to stay in possession absent evidence of gross mismanagement or other special circumstances.")

As analysis of the Kelton Factors applicable factors support retention of Undersigned Counsel. First, the terms of fee arrangement have been disclosed in the Schedules, Application, and Declarations of Third-Parties. Second, the debtor consented to fee arrangement. Third, Third-Parties' Declaration's support that Undersigned Counsel has duty of loyalty to Debtor and Bankruptcy Estate. In particular, John and Amy Novak are not seeking to be reimbursed for monies paid. Fourth, the factual and legal decisions between the debtor and Undersigned Counsel and John and Amy Novak, including the payment of the retainer are timely and fully disclosed. The Fifth Factor also supports retention of counsel. There is no actual conflict non-disinterestedness or an impermissible conflict of interest applied for payments at issue. The bottom line is that John and Amy Noval paid portions of Retainer so that Reorganization could be filed. Case has very specific scope, payment of Lease Arrears to Landlord.

/ / /

/ / /

/ / /

/ / /

/ / /

**RELIEF REQUESTED**

1. Debtor respectfully requests that this Application be granted and approved.

2. Debtor be authorized to employ and appoint the Law Office of Corey B. Beck P.C. as Counsel for the Debtor in the above-captioned bankruptcy case.

Dated: September 14, 2026.

Submitted by:

LAW OFFICE OF COREY B. BECK P.C.

*/s/ Corey B. Beck, Esq.*

Corey B. Beck (5870)
425 South Sixth Street
Las Vegas, NV 89101
Phone: (702) 678-1999
Fax: (702) 678-6788
becklegal@yahoo.com
*Proposed Counsel for Debtor*

# EXHIBIT 1

Corey B. Beck (5870)
LAW OFFICE OF COREY B. BECK P.C.
425 South Sixth Street
Las Vegas, NV 89101
Phone: (702) 678-1999
Fax: (702) 678-6788
becklegal@yahoo.com
*Proposed Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ACTON ACADEMY RED ROCK LLC,<br><br>Debtor. | Case No.: 26-13991-mkn<br><br>**Hearing Date:** September 16, 2026<br>**Hearing Time:** 9:30am |

**DECLARATION OF AMY NOVAK IN SUPPORT OF APPLICATION TO EMPLOY THE LAW OFFICE OF COREY B. BECK, P.C.**

1. I paid $3,500 on June 26, 2026 and $500 on July 1, 2026 towards Retainer of The Law Office of Corey B. Beck, P.C. for the representation of Debtor's Chapter 11, Acton Academy Red Rock, LLC "Acton Academy".
2. I am not seeking to be reimbursed by Acton Academy for $4,000.00 paid to Corey B. Beck toward Retainer for Chapter 11 Bankruptcy.
3. I am 85% owner of Acton Academy.
4. I manage day-to-day activities of Acton Academy.

/ / /

/ / /

5. Acton Academy is a private school located at 9501 Hillwood Dr., Las Vegas, NV 89134. We currently have 58 students in 4 multi-age studios. These studios have children of different ages learning together.

Dated: September 10, 2026.

Amy Novak
Amy Novak (Sep 10, 2026 22:02:46 PDT)

AMY NOVAK

# Declaration of Amy Novak

Final Audit Report 2026-09-11

| | |
|---|---|
| Created: | 2026-09-10 |
| By: | Corey Beck (becksbk@yahoo.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAldrMRg1psKp-R-QHUB6dzBzhd0m54OsO |

## "Declaration of Amy Novak" History

Document created by Corey Beck (becksbk@yahoo.com)
2026-09-10 - 8:56:33 PM GMT

Document emailed to Amy Novak (amy@actonacademyredrock.com) for signature
2026-09-10 - 8:57:22 PM GMT

Email viewed by Amy Novak (amy@actonacademyredrock.com)
2026-09-11 - 5:02:18 AM GMT

Document e-signed by Amy Novak (amy@actonacademyredrock.com)
Signature Date: 2026-09-11 - 5:02:46 AM GMT - Time Source: server - Signature Appearance Selected: TYPE

Agreement completed.
2026-09-11 - 5:02:46 AM GMT

# EXHIBIT 2

Corey B. Beck (5870)
LAW OFFICE OF COREY B. BECK P.C.
425 South Sixth Street
Las Vegas, NV 89101
Phone: (702) 678-1999
Fax: (702) 678-6788
becklegal@yahoo.com
*Proposed Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ACTON ACADEMY RED ROCK LLC,<br><br>Debtor. | Case No.: 26-13991-mkn<br><br>**Hearing Date:** September 16, 2026<br>**Hearing Time:** 9:30am |

**DECLARATION OF JOHN NOVAK IN SUPPORT OF APPLICATION TO EMPLOY THE LAW OFFICE OF COREY B. BECK, P.C.**

1. I paid $3,000 check toward Retainer for Corey B. Beck, Esq in regard to representation of Acton Academy Red Rock, LLC "Acton Academy".

2. I am not seeking to be reimbursed by Acton Academy or my wife, Amy Novak for $3,000 paid toward Retainer.

3. I have no ownership or financial interest in Acton Academy.

4. I am not a Creditor of Acton Academy.

Dated: September 10, 2026.

John Novak
John Novak (Sep 10, 2026 22:02:01 PDT)

JOHN NOVAK

# Declaration of John Novak

Final Audit Report 2026-09-11

| | |
|---|---|
| Created: | 2026-09-10 |
| By: | Corey Beck (becksbk@yahoo.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAPbtttJ1-uxt5gpAgeg3dbGykp-brYrkd |

## "Declaration of John Novak" History

- Document created by Corey Beck (becksbk@yahoo.com)
  2026-09-10 - 8:58:25 PM GMT

- Document emailed to Amy Novak (amy@actonacademyredrock.com) for signature
  2026-09-10 - 8:59:42 PM GMT

- Email viewed by Amy Novak (amy@actonacademyredrock.com)
  2026-09-11 - 5:01:22 AM GMT

- Signer Amy Novak (amy@actonacademyredrock.com) entered name at signing as John Novak
  2026-09-11 - 5:01:59 AM GMT

- Document e-signed by John Novak (amy@actonacademyredrock.com)
  Signature Date: 2026-09-11 - 5:02:01 AM GMT - Time Source: server - Signature Appearance Selected: TYPE

- Agreement completed.
  2026-09-11 - 5:02:01 AM GMT