Corey B. Beck
Nevada Bar No. 5870
LAW OFFICE OF COREY B. BECK P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 678-1999
Email: becklegal@yahoo.com
*Attorneys for Debtor, Acton Academy Red Rock LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ACTON ACADEMY RED ROCK LLC,<br><br>Debtor. | Case No.: 26-13991-mkn<br>Chapter 11<br><br>**DEBTOR'S MOTION TO EXTEND EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121(d)**<br><br>Hearing Date:<br>Hearing Time: |

Acton Academy Red Rock LLC, the debtor and debtor in possession in the above-captioned Chapter 11 case (the "**Debtor**"), by and through its counsel, Law Office of Corey B. Beck P.C., hereby moves (the "**Motion**") pursuant to 11 U.S.C. § 1121(d) for entry of an order extending, by ninety (90) days, the periods within which only the Debtor may file a plan of reorganization and solicit acceptances thereof. The Motion is made and based upon the following Memorandum of Points and Authorities, the Declaration Amy Novak (the "**Declaration**") filed concurrently herewith, the pleadings and papers on file in this case, of which the Debtor requests the Court take judicial notice, and any argument the Court may entertain at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested is 11 U.S.C. § 1121(d), together with Rules 9013 and 9014 of the Federal Rules of

Bankruptcy Procedure and the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada (the "**Local Rules**").

## II. STATEMENT OF FACTS

### A. The Chapter 11 Case.

On June 26, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. As of the date of this Motion, no trustee or examiner has been appointed, and no official committee of unsecured creditors has been appointed.

The Debtor operates a private school located at 9501 Hillwood Dr., Las Vegas, NV 89134. There are currently 58 students in 4 multi-age studios. These studios have children of different ages learning together. from the premises described below.

### B. The Exclusive Periods.

Pursuant to 11 U.S.C. § 1121(b), the Debtor has the exclusive right to file a plan for the first 120 days after the date of the order for relief, and, pursuant to 11 U.S.C. § 1121(c)(3), the exclusive right to solicit acceptances of a plan filed within that period for 180 days after the date of the order for relief (together, the "**Exclusive Periods**"). The 120-day period will expire on October 24, 2026 and the 180-day period will expire on December 23, 2026. The Debtor has not previously sought an extension of the Exclusive Periods. This Motion is therefore timely, having been filed before the expiration of either period.

### C. The Disputes with the Landlord.

The Debtor is the tenant under a written lease dated September 11, 2025 (the "**Lease**") for premises located at 9501 Hillwood Drive, Las Vegas, NV 89134 (the "**Premises**"). The landlord under the Lease is The MTN Church and Precedent Properties, LLC (together, the "**Landlord**").

*The Landlord's claim and the disputed arrears.* The Landlord filed Motion from Relief from Stay (the "**Landlord Claim**") asserting a claim in the amount of $126,473.25, which includes alleged pre-petition lease arrears. The Debtor disputes the Landlord Claim, including

the amount of the alleged arrears, and has filed an objection to the Landlord Claim [ECF No. 38] (the "**Claim Objection**"), which is set for hearing on October 28,2026. Debtor is seeking setoff (reduction) for 1,284 sq ft not utilized.

*The Landlord's limitation of the Debtor's use of space.* The Mountain Church has restricted 1,284 sq. ft of open/shared space and use of balcony. Similarly, Landlord has restricted use of space on Sundays for the last 10-months. Debtor would utilize Sundays for parent outreach, community development, staff meetings, tutoring, and open houses. The Debtor disputes that the Landlord is entitled to restrict the Debtor's use of the Premises in this manner. The Debtor disputes that the Landlord is entitled to restrict the Debtor's use of the Premises in this manner.

*The Landlord's Motion for Relief from Stay.* On August 13, 2026, the Landlord filed a Motion for Relief from the Automatic Stay [ECF No. 24] (the "**Stay Relief Motion**"), seeking relief from stay based on non-payment and to continue eviction or unlawful detainer proceedings against Debtor in state court. The Debtor has opposed the Stay Relief Motion [ECF No. 38], and the matter is set for hearing on October 7, 2026.

The Claim Objection, the dispute over the Debtor's use of space at the Premises, and the Stay Relief Motion (collectively, the "**Landlord Disputes**") are pending and unresolved. Each bears directly on the Debtor's ability to formulate a feasible plan of reorganization.

## III. LEGAL STANDARD

Section 1121(d)(1) of the Bankruptcy Code provides that, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). The 120-day period may not be extended beyond 18 months after the date of the order for relief, and the 180-day period may not be extended beyond 20 months after the date of the order for relief. 11 U.S.C. § 1121(d)(2).

The Bankruptcy Code does not define "cause," and the decision to extend the Exclusive Periods lies within the Court's discretion. Courts considering whether cause exists

have looked to a non-exclusive list of factors, including: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with creditors; (7) the amount of time that has elapsed in the case; (8) whether the debtor is seeking an extension to pressure creditors to accede to its reorganization demands; and (9) the existence of an unresolved contingency. *See, e.g.*, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586–87 (Bankr. S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996); *see also In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 452–53 (B.A.P. 9th Cir. 2002). The purpose of exclusivity is to afford the debtor a meaningful opportunity to propose a plan and negotiate its terms with creditors without the disruption of competing plans.

## IV. ARGUMENT

### A. The Unresolved Landlord Disputes Constitute Cause for an Extension.

Objection to Landlord's Claim is set for October 28, 2026. Resolution of Landlord's Claim is important and necessary in regard to formulating plan to assume or reject lease. This fully supports Motion to Extend. Debtor will have more information as to amount of funds and tendering of payment soon. Debtor is learning how many students will be enrolling for next year. Debtor will be able to project income from students enrolling for the next school year soon. Debtor will continue to tender toward arrears owed at the beginning of next year. – See Exhibit 1, Declaration of Amy Novak, paragraph 8.

Extending deadlines to file plan will allow disputes concerning landlord to be resolved. The Lease is central to the Debtor's business and to any plan of reorganization. If the Lease is deemed rejected, the Debtor will be required to surrender the Premises immediately, which would effectively end the Debtor's ability to reorganize. The decision whether to assume the Lease cannot responsibly be made, however, until the Landlord Disputes are resolved.

First, assumption of the Lease would require the Debtor to cure, or provide adequate assurance of prompt cure of, any default under the Lease. 11 U.S.C. § 365(b)(1)(A). The Debtor disputes the alleged arrears, and the amount of any cure cannot be determined until the Court rules on the Claim Objection. The Debtor cannot evaluate whether assumption is economically feasible without knowing the cure amount.

Second, the Landlord has limited the space available to the Debtor at the Premises. The scope of the premises the Debtor would be assuming, and the corresponding value of the Lease to the estate, are therefore also in dispute. Extending time regarding plan deadlines allowed dispute regarding amounts to be paid utilized. Third, the Landlord's Stay Relief Motion, if granted, could determine whether the Debtor remains in possession of the Premises at all, and would render any decision to assume the Lease moot. Resolution of Stay Relief Motion is very relevant in formulating plan. **The Debtor is Obtaining More Relevant information to Formulate Plan**

**C. The Debtor is Proceeding in Good Faith and Is Not Seeking to Pressure Creditors.**

The Debtor is not seeking additional time for the purpose of delay or leverage. To the contrary, the Debtor has moved promptly to address the Landlord Disputes by objecting to the Landlord Claim and opposing the Stay Relief Motion, and each is set for hearing. The ninety-day extension requested is modest and tied directly to the time reasonably needed to resolve the Landlord Disputes and to prepare a plan and disclosure statement that reflect their outcome. Debtor has tendered post-petition payments each month. In this way, Landlord is adequately provided.

**D. An Extension Will Not Prejudice Creditors, and Denial Would Prejudice the Debtor and the Estate.**

The requested extension will not prejudice any creditor. The Debtor remains in possession and is operating. The extension is well within the limits of 11 U.S.C. § 1121(d)(2). By contrast, if the Exclusive Periods were to lapse while the Landlord Disputes are pending, the Landlord, the party with the largest disputed claim and a pending Stay Relief Motion, could file a competing plan before the Court has determined the amount of its claim or the

Debtor's rights in the Premises. That result would invite the very disruption that exclusivity is intended to prevent and would jeopardize the Debtor's ability to reorganize.

The Debtor's request is made without prejudice to its right to seek further extensions of the Exclusive Periods, within the limits of 11 U.S.C. § 1121(d)(2), should circumstances warrant, and without prejudice to the right of any party in interest to seek to reduce the Exclusive Periods for cause.

## V. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (1) granting the Motion; (2) extending the period within which only the Debtor may file a plan under 11 U.S.C. § 1121(b) by ninety (90) days, from October 24, 2026 through and including December 23, 2026 (3) extending the period within which only the Debtor may solicit acceptances of a plan under 11 U.S.C. § 1121(c)(3) by ninety (90) days, from December 23, 2026 through and including march 23, 2026 (4) providing that the extension is without prejudice to the Debtor's right to seek further extensions; and (5) granting such other and further relief as the Court deems just and proper.

DATED this 8th day of October, 2026.

Respectfully submitted,

**LAW OFFICE OF COREY B. BECK P.C.**

*/s/ Corey B. Beck, Esq.*
Corey B. Beck
Nevada Bar No. 5870
425 South Sixth Street
Las Vegas, Nevada 89101
*Attorneys for Debtor*

# EXHIBIT 1

Corey B. Beck
Nevada Bar No. 5870
LAW OFFICE OF COREY B. BECK P.C.
425 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 678-1999
Email: becklegal@yahoo.com
*Attorneys for Debtor, Acton Academy Red Rock LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ACTON ACADEMY RED ROCK LLC,<br><br>Debtor. | Case No.: 26-13991-mkn<br>Chapter: 11<br><br>**DECLARATION OF AMY NOVAK IN SUPPORT OF DEBTOR'S MOTION TO EXTEND EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121(d)** |

I, Amy Novak declare as follows:

1. I am the Principal and Operator of Acton Academy Red Rock LLC, the debtor and debtor in possession in this Chapter 11 case (the “Debtor”). I am authorized to make this Declaration on the Debtor’s behalf.

2. I make this Declaration in support of the Debtor’s Motion to Extend the Time Within Which to Assume or Reject an Unexpired Lease of Nonresidential Real Property (the “Motion”). Unless otherwise stated, the facts set forth below are based on my personal knowledge, my review of the Debtor’s books and records kept in the ordinary course of business, and my discussions with the Debtor’s counsel. If called as a witness, I could and would testify competently to these facts. Capitalized terms not defined herein have the meanings given in the Motion.

3. The Debtor filed its voluntary petition under Chapter 11 on June 26, 2026. The Debtor continues to operate its business as a debtor in possession. The Debtor operates a

private school that currently has 58 students in 4multi-age studios.  in the Red Rock area of Las Vegas, Nevada from the premises described below.

4. The Debtor is the lessee under the Lease dated September 11, 2025 for the Premises located at 9501 Hillwood Drive, Las Vegas, NV 89134. The lessor is [The MTN Church and Precedent Properties, LLC (the "Landlord").

5. I tendered July payment on August 7, 2026 in amount of $15,000.00.

6. I tendered August payment on August 12, 2026 in the amount of $17,200.00.

7. I tendered September payment on September 4, 2026 in the amount of $ 15,250.80.

8. In addition, Objection to Claim is important and necessary in regard to decision to assume or reject lease. I will have more information as to amount of funds and tendering of payment soon. I am learning how many students will be enrolling for next year. I will be able to project income from students enrolling for the next school year.

9. Extending Time to File plan and submit ballots will allow sufficient time to formulate a plan that will project income and payment of lease arrears.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026, at Las Vegas, Nevada.

Amy Novak
Principal and Operator of Acton Academy Red Rock LLC