Elizabeth A. Skane, Esq. (Bar No.7181)
eskane@skanemills.com
Elizabeth C. Spaur, Esq. (Bar No. 10446)
espaur@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535 / Fax (702) 363-2534

Attorneys for Defendants, PRECEDENT PROPERTIES LLC, and THE MOUNTAIN CHURCH

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

IN RE:

ACTON ACADEMY RED ROCK LLC

Debtor(s)

**CASE NO.: BK-26-13991-mkn**

**CHAPTER 11**

**PRECEDENT PROPERTIES, LLC AND THE MOUNTAIN CHURCH'S OPPOSITION TO DEBTOR'S MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE**

The MNTN Church and Precedent Properties, LLC (together, the **"Landlord"**), by and through their counsel, Skane Mills LLP, oppose the *Debtor's Motion to Extend the Time Within Which to Assume or Reject an Unexpired Lease of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* [ECF No. 46] (the **"Motion"**) filed by Acton Academy Red Rock, LLC (the **"Debtor"**). This Opposition is based on the following Memorandum of Points and Authorities, the papers and pleadings on file in this case, of which the Landlord requests the Court take judicial notice, and any argument the Court may entertain at the hearing.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Debtor asks for the maximum 90-day extension that § 365(d)(4)(B)(i) allows. It has not shown cause for any of it. Its own sworn declaration establishes that it is not paying the post-petition rent that § 365(d)(3) requires it to pay in full and on time.

The Motion tells the Court the Debtor "is timely performing" and "tendering post-petition rent payments." (Mot. at 5:12–13.) The Debtor's principal says otherwise. Ms. Novak declares that the Debtor paid $15,000.00 for July on August 7, $17,200.00 for August on August 12, and $15,250.80 for September on September 4. (Novak Decl. ¶¶ 5–7.) The Lease's own payment schedule, attached to the Motion, required $20,294.47 for each of July and August and at least $16,583.72 in base rent alone for September. (Mot. Ex. 1, Ex. C.) The Debtor is at least **$13,915.63** short on post-petition rent through September, and two of those three payments were late.

The Debtor's stated reason for delay, the pending Claim Objection, does not change what it must decide. Even if the Debtor won every dollar of its asserted offsets, it would still face a cure of more than $56,000 on the Landlord's claim, on top of the post-petition shortfall it has already run up. A debtor that cannot pay current rent has no realistic path to cure and provide adequate assurance under § 365(b)(1). A further 90 days of occupancy at less than the contract rent would shift the cost of the Debtor's indecision onto the Landlord, which is the very result Congress amended § 365(d)(4) in 2005 to prevent.

The Motion should be denied.

## II. STATEMENT OF FACTS

### A. The Lease

The Debtor leases Suite #300 at 9501 Hillwood Drive, Las Vegas, Nevada 89134 (the **"Premises"**) under an NNN Office Lease dated September 11, 2025 (the **"Lease"**), for a five-year term expiring September 30, 2030. (Mot. Ex. 1, Lease §§ 1.1, 1.6.) The Premises total approximately 7,667 rentable square feet: Suite 300 (approximately 6,383 sq. ft.) plus a 31.32% share of the open and shared space (approximately 1,284 sq. ft.), together with exclusive use of

the upstairs balcony and shared use of a playground area with another tenant. (*Id.* at Ex. 1 p. 1, Lease § 1.4, Ex. A.)

The Lease terms relevant here are:

- **Rent without set-off.** Base Rent is payable monthly, in advance, "without demand, counterclaim, or set-off," and is late if not received by the fifth of the month, triggering a 10% late fee and 18% interest. (Lease § 7.)
- **Operating expenses.** The Debtor pays its proportionate share of operating expenses (CAMs) monthly with Base Rent, estimated in Year 1 at $4,193.77 per month. (Lease §§ 1.9, 8; Ex. C.)
- **Use.** The Premises may be used exclusively for private schooling and for no other purpose. (Lease §§ 1.11, 11.1.)
- **Building hours.** The Rules and Regulations, incorporated into the Lease, reserve to the Landlord the right to close and lock the Building on Saturdays, Sundays, and legal holidays. (Lease § 21.1; Ex. D ¶ 12.)
- **Integration.** The Lease is the parties' entire agreement and may be amended only in a signed writing. (Lease § 21.11.)

**B. The Bankruptcy and the § 365(d)(4) Deadline**

The Debtor filed its voluntary Chapter 11 petition on June 26, 2026. (Mot. at 2:6–7.) It did not elect Subchapter V. (*Id.* at 2:10–11.) The 120-day period under § 365(d)(4)(A) expires on or about October 24, 2026. (*Id.* at 2:27.) The Debtor filed the Motion on September 30, 2026, 96 days into the case, and applied for an order shortening time. [ECF Nos. 46–48.] The Debtor has not moved to assume the Lease [and has not filed a plan or disclosure statement].

**C. The Landlord's Claim, the Claim Objection, and the Stay Relief Motion**

The Landlord filed a proof of claim, in the amount of $165,120.87 [Claim 3]. Of that claim, $126,473.25 consisted of pre-petition rent arrears. [Claim 3]. The Debtor objected [ECF No. 38] (the **"Claim Objection"**), asserting offsets of (i) $29,750.00 for loss of Sunday use of the Premises and (ii) $40,000.00 for restricted use of the shared space and balcony. (*Id.* at 3:6–15.) The Claim

Objection is set for hearing on October 28, 2026, four days after the 120-day deadline. (*Id.* at 3:7–8.)

The Landlord moved for relief from the automatic stay on August 13, 2026, based on non-payment [ECF No. 24] (the **"Stay Relief Motion"**). The Stay Relief Motion is set for hearing at the same time as the instant Motion on October 21, 2026.

**D. The Debtor's Post-Petition Payments[1]**

The Debtor's own evidence establishes that it has not paid post-petition rent in full or on time. The table below compares what Exhibit C to the Lease required against what Ms. Novak declares the Debtor paid. (Novak Decl. ¶¶ 5–7; Lease Ex. C.)

| **Month** | **Due under Lease Ex. C** | **Date paid** | **Amount paid** | **Shortfall** | **Days late** |
|---|---|---|---|---|---|
| July 2026 | $20,294.47 | Aug. 7, 2026 | $15,000.00 | $5,294.47 | 37 |
| August 2026 | $20,294.47 | Aug. 12, 2026 | $17,200.00 | $3,094.47 | 11 |
| September 2026 | $20,777.49* | Sept. 4, 2026 | $15,250.80 | $5,526.69 | 0 |
| **Total** | **$61,366.43** | | **$47,450.80** | **$13,915.63** | |

* Lease Year 2 Base Rent of $16,583.72 (Ex. C, month 13) plus CAMs carried at the Year 1 estimate of $4,193.77, pending the Landlord's Year 2 estimate. [Confirm Year 2 CAM figure and October 2026 payment; update table through the hearing date.]

The Debtor's own math on its asserted Sunday offset is also wrong. The Debtor computes "$595/Sunday x 4 = $2,975/month." (Mot. at 3:9.) Four Sundays at $595 is $2,380, not $2,975; ten months at that rate is $23,800, not $29,750.

## III. LEGAL STANDARD

An unexpired lease of nonresidential real property is deemed rejected, and the debtor must immediately surrender the premises, if the lease is not assumed or rejected within 120 days after the order for relief. 11 U.S.C. § 365(d)(4)(A). The court "may extend the period . . . prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." *Id.* § 365(d)(4)(B)(i). Any further extension requires the lessor's prior written consent. *Id.* § 365(d)(4)(B)(ii). The Landlord does not consent to any extension.

[1] Debtor's Motion was filed prior to the deadline for the October 1 payment. To date, no payment has been issued for October 1. If Debtor issues a payment prior to the hearing on the Motion, it will still be a late payment.

The 2005 amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act (**"BAPCPA"**) replaced open-ended extensions with a fixed outer limit. Before BAPCPA, courts routinely granted serial extensions; Congress capped the debtor's time at 210 days absent landlord consent to give lessors certainty about the disposition of their property. *See In re Tubular Techs., LLC*, 348 B.R. 699, 708 (Bankr. D.S.C. 2006) (describing the amended statute as a firm, bright-line deadline). The 90-day extension is therefore the ceiling, not the default.

The Debtor, as movant, bears the burden of showing cause. Courts weigh a non-exclusive set of factors, including: (1) whether the lease is the debtor's primary asset; (2) whether the lessor continues to receive the rent required by the lease; (3) whether the debtor's continued occupancy could damage the lessor beyond the compensation available under the Bankruptcy Code; (4) whether the debtor has had sufficient time to appraise its financial situation and the value of the lease to a plan; (5) whether a plan has been formulated; (6) the complexity of the case; and (7) any other factor bearing on whether the debtor has had a reasonable time to decide. *In re Wedtech Corp.*, 72 B.R. 464, 471–73 (Bankr. S.D.N.Y. 1987); *In re Ernst Home Ctr., Inc.*, 209 B.R. 955 (Bankr. W.D. Wash. 1997). The inquiry rests in the Court's discretion, and factors that do not bear on the particular request need not be weighed. *Ernst Home Ctr.*, 209 B.R. 955; *see also In re Victoria Station Inc.*, 88 B.R. 231, 236 (B.A.P. 9th Cir. 1988), *aff'd*, 875 F.2d 1380 (9th Cir. 1989).

Throughout the period before assumption or rejection, the debtor "shall timely perform all the obligations of the debtor . . . arising from and after the order for relief" under the lease. 11 U.S.C. § 365(d)(3). And to assume, the debtor must cure or provide adequate assurance of prompt cure of all defaults and provide adequate assurance of future performance. *Id.* § 365(b)(1)(A), (C).

## IV. ARGUMENT

### A. The Debtor Is Not Performing Under § 365(d)(3), Which Weighs Decisively Against Any Extension.

Whether the lessor continues to receive the rent the lease requires is the factor most directly tied to the prejudice an extension causes. Here the answer comes from the Debtor's own declaration: the Landlord is not receiving it.

For July, August, and September 2026, the Lease required $61,366.43. The Debtor paid $47,450.80, leaving a post-petition shortfall of at least $13,915.63. (§ II.D, *supra*.) The July payment arrived 37 days after it was due and the August payment 11 days after. Section 365(d)(3) requires a debtor to perform "timely" and in full. Partial, late payments do not satisfy it.

The Motion's assurance that the Landlord "will not be prejudiced" because the Debtor "is timely performing" (Mot. at 5:11–13) is contradicted by the Novak Declaration filed in support of the same Motion. The Motion also concedes that the Debtor "will continue to tender toward arrears," and that its ability to pay depends on enrollment for a school year that has not yet begun. (Mot. at 4:16–19; Novak Decl. ¶ 8.) An extension would give the Debtor 90 more days of occupancy while the post-petition deficit grows by roughly $5,000 a month at the current payment rate. That is precisely the harm to the lessor that weighs against cause.

**B. The Debtor Cannot Justify Its Short Payments by Self-Help Set-Off.**

The Debtor appears to be withholding rent on account of the offsets asserted in its Claim Objection. The Lease forecloses that. Rent is payable "without demand, counterclaim, or set-off." (Lease § 7.) Whatever the merits of the Debtor's claims about Sunday access or shared space, they are claims to be adjudicated, not a license to pay less than the contract rent while occupying the Premises. Section 365(d)(3) requires performance of the Lease as written; it does not incorporate the Debtor's unilateral discounts.

The asserted offsets are also weak on their face:

- **Sunday use.** The Lease limits use to private schooling, and the incorporated Rules reserve to the Landlord the right to close and lock the Building on Sundays. (Lease §§ 11.1, 21.1; Ex. D ¶ 12.) The Debtor identifies no Lease term entitling it to Sunday "parent outreach, community development, and open houses." (Mot. at 3:14–15.) Its damages figure is also miscalculated by 25%. (§ II.D, *supra*.)
- **Shared space and balcony.** The Lease grants the Debtor a 31.32% proportionate share of approximately 1,284 square feet of open and shared space, not exclusive use of it. (Lease Ex. 1 p. 1.) The Debtor offers no basis for its $40,000 figure. [Insert facts regarding the balcony and shared space from the Landlord Declaration.]

**C. The Claim Objection Does Not Prevent the Debtor From Deciding Now.**

The Debtor's principal argument is that it cannot decide whether to assume until the Court fixes the cure amount. (Mot. at 4:12–5:2.) That argument fails for four reasons.

1. **The cure is large under any scenario.** The Landlord's claim is now in excess of $126,473.25. Even crediting both of the Debtor's asserted offsets in full ($69,750.00), the pre-petition cure would be $56,723.25. Adding the post-petition shortfall brings the minimum cure to roughly $70,600. The Debtor does not say it can pay that, or any portion of it, or how. A debtor that cannot meet current rent has no realistic prospect of curing and providing adequate assurance of future performance under § 365(b)(1). No ruling on the Claim Objection changes that.
2. **Cure disputes are routinely resolved at assumption.** A debtor that wants to keep a lease moves to assume and asks the Court to fix the cure as part of that motion. The Debtor could have filed such a motion at any time in the last 100 days. It chose not to.
3. **The timing problem is of the Debtor's own making.** The Debtor set its Claim Objection for October 28, four days after the deadline, and filed this Motion on day 96. The Debtor's scheduling choices are not cause to impose three more months of underpaid occupancy on the Landlord.
4. **The extension requested does not match the reason given.** If the Debtor truly needs only the Claim Objection ruling, that need would justify days, not 90 days. The remaining justification, waiting to learn "how many students will be enrolling for next year" (Novak Decl. ¶ 8), is speculation about a future school year that a January 22, 2027 deadline would not resolve.

The argument that the Debtor's use of the Premises is "in dispute" (Mot. at 5:3–6) fares no better. The Lease defines the Premises and the Debtor's rights in them. The Debtor has occupied and operated from the Premises throughout the case and knows exactly what it is getting.

///

///

///

**D. The Remaining Factors Do Not Establish Cause.**

- **Primary asset.** The Lease is the Debtor's only premises, which means the Debtor has had a single, simple decision to make since June 26, 2026. This is not a case with a portfolio of leases to evaluate.
- **Time to appraise.** The Debtor has operated from the Premises for more than a year and has been in Chapter 11 for over 100 days. It knows its enrollment (58 students), its revenue, and its rent. Nothing in the record suggests it needs more information than it already has.
- **Plan formulation.** The Debtor has not filed a plan or disclosure statement. It offers no projections, budget, or plan timeline tying the requested extension to a reorganization event.
- **Complexity.** This is a single-location, small-business Chapter 11. It is not complex.
- **Damage to the Landlord.** The Landlord is already uncompensated for post-petition occupancy, holds a $126,473.25 pre-petition claim, and faces the cost of re-letting a specialized school space that the Debtor would occupy through the start of 2027. Administrative-priority status for unpaid rent is cold comfort where the Debtor cannot pay current obligations.

///

///

///

## V. CONCLUSION

The Debtor has not carried its burden to show cause. It is not paying post-petition rent in full or on time, it is withholding rent through set-offs the Lease forbids, and the cure dispute it cites does not affect a decision it has been able to make since the petition date. The Landlord respectfully requests that the Court deny the Motion.

DATED: October 9, 2026

SKANE MILLS LLP

By: */s/ Elizabeth C. Spaur*

Elizabeth A. Skane, Esq. (Bar No.7181)
eskane@skanemills.com
Elizabeth C. Spaur, Esq. (Bar No. 10446)
espaur@skanemills.com
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144

Attorneys for Defendants,
PRECEDENT PROPERTIES LLC, and
THE MOUNTAIN CHURCH

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 9, 2026, a true and correct copy of the above and foregoing **PRECEDENT PROPERTIES, LLC AND THE MOUNTAIN CHURCH'S OPPOSITION TO DEBTOR'S MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE**, was submitted electronically for filing and/or service with the United States Bankruptcy Court, District of Nevada. Electronic Service of the foregoing document shall be made to all parties listed on the Master Service List in accordance with the Electronic Service and Filing Order.

*/s/ Yesenia Lopez-Lutes*

______________________________
An employee of SKANE MILLS LLP

**SERVICE LIST**

| | |
|---|---|
| Corey B. Beck, Esq.<br>The Law Offices of Corey B. Beck, Esq. 425 South Sixth Street<br>Las Vegas, Nevada 89101<br><br>Acton Academy Red Rock, LLC 9501 Hillwood Drive, Suite 300 Las Vegas, Nevada 89134<br><br>*Attorney for the Debtor* | |
| Office of the United States Trustee<br>c/o Carlos R. Hernandez-Vivoni<br>300 Las Vegas Boulevard South, Suite 4300<br>Las Vegas, Nevada 89101 | Bamboo HR<br>c/o Caine & Weiner<br>Attn: Yvette Resendiz 5805 Sepulveda Blvd, 4th FL Van Nuys, CA 91411 |
| U.S. Small Business Administration, Office of General Counsel,<br>312 N. Spring St., 5th Fl.,<br>Los Angeles, CA 90012 | Department of Justice Office of the U.S. Trustee 600 Las Vegas Blvd.<br>Las Vegas, NV 89101 |
| Internal Revenue Service<br>Attn: Centralized Insolvency Operation P.O. Box 7346<br>Philadelphia, PA 19101 | Internal Revenue Service Stop 5028<br>110 City Parkway<br>Las Vegas, NV 89106 |
| Department of Motor Vehicles Records Section<br>555 Wright Way<br>Carson City, NV 89711 | Nevada DETR<br>500 E. Third St. Carson City, NV 89701 |
| Nevada Department of Taxation<br>555 E. Washington Avenue, Suite 1300<br>Bankruptcy Section<br>Las Vegas, NV 89101 | Nevada Department of Taxation<br>Bankruptcy Section<br>700 E. Warm Springs Rd., Ste. 200<br>Las Vegas, NV 89119 |
| Nevada Labor Commissioner 3300 W. Sahara Ave., Ste. 225 Las Vegas, NV 89102 | Small Business Administration 312 N. Spring St., 5th Fl. Los Angeles, CA 90012 |